## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CHARLES TORNS, JR.**
**AND MARILYN L. TORNS**                                                                **PLAINTIFFS**

**VS.**                                              **CIVIL ACTION NO. 3:16-CV-89-CWR-LRA**

**STATE OF MISSISSIPPI, ET AL**                                                         **DEFENDANTS**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On February 9, 2016, Charles Torns and Marilyn L. Torns [hereinafter "Plaintiffs"] filed a Complaint [1] requesting a Temporary Restraining Order regarding their son Charles J. Bracey. On the same date, they filed an Application to Proceed in District Court Without Prepaying Fees or Costs, [3], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiffs are not indigent under the law and should not be allowed to proceed *in forma pauperis*. Only Plaintiff Charles Torns, Jr., signed the affidavit, although both Plaintiffs' incomes must be examined. Nevertheless, Plaintiff Charles Torns states that he receives $1000 in monthly disability income, and this income is more than his claimed living expenses of $534.00.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See*

*Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiffs, particularly the fact that Mr. Torns has an income that covers more than his regular monthly expenses, the undersigned finds that they could pay filing costs without undue financial hardship if given sixty days to pay the filing fees. It will not render them destitute by paying the filing fees in sixty days, as the Torns do have a monthly income.

Because Plaintiffs will not be barred from the federal courts due to their lack of financial resources, it is the recommendation of the undersigned that Plaintiffs' motion to proceed *in forma pauperis* be denied. Plaintiffs should be given until **June 13, 2016,** to pay the filing fees in this cause. If they do not object to this recommendation, but do not pay the filing fees by **June 13, 2016**, this case should be dismissed without prejudice with no further notice to Plaintiffs.

Plaintiffs are referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and

recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiffs shall pay the full filing fees in this case on or before **June 13, 2016,** unless they appeal this recommendation to the district judge.

THIS the 11th day of March 2016.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE