IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


**CHARLES TORNS, JR.**
**AND MARILYN TORNS**                                                                              **PLAINTIFFS**

**V.**                                                                         **CAUSE NO. 3:16-CV-89-CWR-LRA**

**STATE OF MISSISSIPPI, ET AL.**                                                                   **DEFENDANTS**


## ORDER ADOPTING R&R

Before the Court is Magistrate Judge Linda R. Anderson's Report and Recommendation (R&R) recommending denial of the plaintiffs' Motion for Leave to Proceed *in forma pauperis*. Docket No. 3.  The plaintiffs objected to the R&R.  Docket No. 4.  Also before the Court is the plaintiffs' Motion for a Temporary Restraining Order.  Docket No. 1.

On February 9, 2016, the plaintiffs filed a motion requesting a Temporary Restraining Order (TRO) asking this Court to intervene in the ongoing criminal prosecution of their son. Docket No. 1.  On the same date, the plaintiffs filed their application to proceed *in forma pauperis*.  Docket No. 2.

On April 21, 2015, the plaintiffs' son Charles Jeremiah Bracey ("Bracey") was indicted for violations of 21 U.S.C. §§ 846 and 843(b).  *See* United States v. Bracey, No. 3:15-cr-25, Docket No. 3.  On February 9, 2016, the plaintiffs filed their TRO seeking this Court's intervention in Bracey's case which had been set for trial before United States District Judge David C. Bramlette, III.  On the trial date, however, Bracey waived his right to a speedy trial in accordance with a Motion to Continue filed by his counsel.  Bracey moved for the continuance to allow his counsel addition time to review discovery.  *Id.* at Docket Nos. 20 and 21.  On April 4,

1

2016, Bracey again waived his right to a speedy trial and sought a continuance because "[u]ndersigned counsel need[ed] additional time to continue plea negotiations." *Id.* at Docket Nos. 23 and 24.  The continuance was granted on April 5, 2016 and Bracey's trial was scheduled for July 5, 2016.  On May 17, 2016, before proceeding to trial, Bracey entered a guilty plea as to Count 1 of the indictment. *Id.* at Docket No. 28.

The purpose of 28 U.S.C. § 1915(a) is to provide "access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastne*r, 842 F.2d 138, 140 (5th Cir. 1988).  Under § 1915(a) a litigant may commence a civil or criminal action in federal court *in forma pauperis* by filing an affidavit that they are unable to pay the required filing fees.  District Courts have discretion to order a plaintiff to pay filing fees where such payment does not result in undue financial hardship. *Id.* (citation omitted); *see also Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982).  The Magistrate Judge has recommended that this Court deny the plaintiffs' request to proceed *in forma pauperi*s. District courts may, however, "dismiss a claim filed *in forma pauperis* if . . . [it] is satisfied that the action is frivolous or malicious." *Jolly v. Klein*, 923 F. Supp. 931, 942 (S.D. Tex. 1996) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)) (citations and internal quotation marks omitted); *see also* 28 U.S.C. §(d)(2)(B)(i).  A complaint is frivolous where it lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325.

Here, the plaintiffs filed their TRO motion arguing that "further prosecution of [Bracey's] case . . . has no hope or success and is in "Bad Faith."  Docket No. 1.  Bracey, who has been represented by counsel throughout all critical stages of his prosecution, never sought such relief on his own belief.  To the contrary, he continued to litigate his case, even waiving his right to a

speedy trial two times, and then pled guilty to the very charges that the plaintiffs argue have no chance of success.[1]

Because the plaintiffs have not presented a claim with an arguable basis in law or fact for this Court's consideration, the Court finds that the plaintiffs' TRO motion is frivolous and without merit. Therefore, the plaintiffs' application to proceed *in forma pauperis* is denied. Their TRO motion is denied, and this case is dismissed with prejudice.[2]

This Court adopts the R&R as its own consistent with the additional findings and conclusions of this Order. A separate final judgment will issue this day.

**SO ORDERED**, this the 2nd day of August 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Bracey's sentencing is set for August 16, 2016, before Judge Bramlette.

[2] The Court also finds that these plaintiffs lack standing to even bring this action. Standing is "a threshold issue relating to this court's power to hear a case under Article III and therefore a requirement which all plaintiffs must satisfy . . . . To have standing, a plaintiff generally must assert his *own* legal rights and interests." *Jennings v. First Family Financial Services, Inc.*, No. 300cv519WS, 2001 WL 34403089, at *4 (S.D. Miss. Sept. 27, 2001). The plaintiffs have not asserted any legal rights which belong to them nor have they shown that they have been authorized to bring such claim on behalf of their son. *See Brown v. Dow Chemical Co.*, No. 3:13cv359, 2014 WL 10475641, at *1, n.1 (S.D. Miss. Feb. 25, 2014).